J-S07020-17

2017 PA Super 165

| DAVID LEE LEICHT | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| PATRICIA DENISE LEICHT | |
| Appellee | No. 1088 MDA 2016 |

Appeal from the Order Entered June 2, 2016
In the Court of Common Pleas of York County
Civil Division at No(s): 2010 FC 000182-2015

BEFORE:  BOWES, J., LAZARUS, J., and MUSMANNO, J.

OPINION BY LAZARUS, J.:                                    **FILED MAY 30, 2017**

David Leicht (Husband) appeals from the order, entered in the Court of Common Pleas of York County, granting in part and denying in part Patricia Leicht's (Wife) exceptions to the master's report and recommendation. Husband claims the trial court order requiring him to pay alimony indefinitely was an abuse of discretion.  After our review, we affirm.

The parties were married in 1988, and they separated in 2006.  The court entered a divorce decree on June 2, 2016.  The parties have three adult children, one of whom lives with Wife during college breaks and summer.

Both parties were age 50 at the time of the hearing before the divorce master, which was held on March 24, 2015.  We summarize the master's findings as follows:

Both parties graduated from York Technical School. Husband has worked in manufacturing jobs since the mid-1980s, and works as a press operator, earning approximately $44,000.00 gross income annually. Husband has medical benefits through his employment, and he participates in a 401(k) retirement plan. Husband is in good health. He lives in a two-bedroom apartment with his girlfriend, where he pays rent of $550 each month. Husband's girlfriend pays utilities.

Mother is a certified Licensed Practical Nurse. Although she worked until 2009, she suffered from a variety of mental issues throughout the marriage. Her condition deteriorated in 2009, and she was hospitalized on two occasions in 2010. She is currently being treated by a psychiatrist, receives counseling regularly, and takes various medications to treat anxiety, depression and various physical conditions, including congestive heart failure and diabetes. Wife has been on disability for approximately four years, and currently receives disability benefits in the amount of $1,117 per month (net of Medicare Part B premium of $105 per month). Wife also receives $585.58 each month in spousal support. She lives in a one-bedroom apartment and pays rent of $1,010 each month, including utilities.

Upon separation, the parties had minimal marital property. The marital home went into foreclosure shortly after separation. The master found Wife has no earning capacity at present and that her situation was unlikely to change in the future. The master found no marital misconduct.

The master recommended that Husband continue paying Wife $585.58 per month through September 30, 2016 (as alimony pendente lite, to convert to alimony upon entry of final divorce decree on June 2, 2016). The master also recommended Husband pay $600 towards Wife's counsel fees, payable in monthly installments of $50 over one year following entry of the final divorce decree. In the report and recommendation, the master suggested Wife consider subsidized housing and government benefits for low-income and disabled persons, as well as a "representative payee" to assist her in managing financially on her budget. Wife filed exceptions.

On August 26, 2015, the trial court granted Wife's exceptions, in part, and entered an order requiring Husband continue alimony payments to Wife indefinitely. *See* 23 Pa.C.S.A. § 3701(c) ("The court in ordering alimony shall determine the duration of the order, which may be for a definite or an indefinite period of time which is reasonable under the circumstances."). Husband appealed. He raises one issue for our review:

> Did the trial judge abuse his discretion in reversing the recommendation of the Divorce Master[,] who recommended a limited period of alimony[,] and instead imposed a lifetime obligation

Appellant's Brief, at 2.

An award of alimony may be reversed "where there is an apparent abuse of discretion or there is insufficient evidence to support the award." ***Balicki v. Balicki***, 4 A.3d 654, 659 (Pa. Super. 2010), citing ***Jayne v. Jayne***, 663 A.2d 169 (Pa. Super. 1995).

> We previously have explained that the purpose of alimony is not to reward one party and to punish the other, but rather to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met. Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay. Moreover, alimony following a divorce is a secondary remedy and is available only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill.
>
> In determining whether alimony is necessary, and in determining the nature, amount, duration and manner of payment of alimony, the court must consider numerous factors including the parties' earnings and earning capacities, income sources, mental and physical conditions, contributions to the earning power of the other, educations, standard of living during the marriage, the contribution of a spouse as homemaker and the duration of the marriage.

*Teodorski v. Teodorski*, 857 A.2d 194, 200 (Pa. Super. 2004) (internal citations, quotations and original emphasis omitted).

First, we point out that, contrary to Husband's assertion, the trial court's order did not impose a lifetime obligation. The order may be terminated or modified if "either party has a significant change in financial circumstances." Order, 8/26/15. *See* 23 Pa.C.S.A. § 3701(e) (alimony award "is subject to further order of the court upon changed circumstances of either party of a substantial and continuing nature whereupon the order may be modified, suspended, terminated or reinstituted or a new order made."). Additionally, although the master's recommendations to Wife were intended to assist her in improving her financial situation and improving her budgetary shortfalls, we agree with the trial court that the

recommendation is not consistent with the finding that Wife is currently, and for the foreseeable future, disabled and unable to support herself. It is also inconsistent with the overarching purpose of the Divorce Code, especially with respect to alimony, which is to "effectuate economic justice between the parties[.]"). **See** 23 Pa.C.S.A. § 3102(a)(6) ("[I]t is the policy of the Commonwealth to: . . . (6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights."). Moreover, the fact that Wife may be eligible for government-subsidized programs does not eliminate Husband's responsibility.

In **Remick v. Remick**, 456 A.2d 163 (Pa. Super 1983) (en banc), this Court held that "the necessity and amount of permanent alimony should be determined without regard to whether the dependent spouse would be entitled to public assistance or other social welfare benefits[.]" **Id.** at 168. There, husband and wife were married in 1950 and separated in 1968; the case remained dormant until 1980, when husband amended his divorce complaint to proceed under the new Divorce Code.[1] Following a hearing before a master, both parties filed exceptions. The trial court entered a

---

[1] Act of April 2, 1980, P.L. 63, No. 26. Notably, alimony did not come into existence in Pennsylvania until the enactment of the 1980 Divorce Code.

divorce decree and ordered husband to pay wife permanent alimony of $80.00 per week. *Id.* at 165.

On appeal, this Court, noting that wife was receiving Social Security disability benefits and living in subsidized housing, stated:

> [Husband] argues rather unabashedly that the court erred in awarding permanent alimony in any amount because, as he asserts, [wife] does not lack sufficient property to provide for her needs because of "the proliferation of governmental benefits to which [wife] would be entitled if she were only to apply for the same[.]" . . . It appears, therefore, that [husband] is suggesting that [wife] would be eligible for public assistance benefits, and other social welfare benefits, and therefore, does not need alimony. *We do not believe the Legislature enacted the alimony provisions of the Divorce Code with the intent that the financial welfare of a dependent spouse should devolve upon the Commonwealth following divorce. . . . The purpose of social welfare benefits is to subsidize whatever other resources a recipient may have or may be entitled to and should be a last resort, not a first one*.

*Id.* at 168-69 (emphasis added).

*Remick* remains the law, and its principles are applicable here. Because the trial court properly considered and applied the statutory factors, *see* 23 Pa.C.S.A. § 3701(b)(1)-(17), and because we find the award is supported by the record, we discern no abuse of discretion. *Balicki*, *supra*.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/30/2017</u>